1  WO

2

3

4

5

6

7

8

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

9  DAVID STIFF,                          )
                                         )
10         Plaintiff,                    )
                                         )
11         v.                            )        CIV 05-00462 PCT MEA
                                         )
12  WILSHIRE CREDIT CORPORATION,         )        MEMORANDUM AND ORDER
                                         )
13         Defendant.                    )
   _____)

14

15         All of the parties have consented to the exercise of
16  magistrate judge jurisdiction over this case, including the
17  entry of final judgment.  Before the Court is Defendant's motion
18  [Docket No. 6] to dismiss Plaintiff's complaint pursuant to Rule
19  12(b)(6), Federal Rules of Civil Procedure, and for an award of
20  attorneys fees pursuant to 15 U.S.C. § 1681n(c).

### I. Background

21         On February 9, 2005, Plaintiff filed a complaint
22  asserting causes of action pursuant to the Fair Credit Reporting
23  Act and the Fair Debt Collections Practices Act.  Docket No. 1.
24  Service of a summons and the complaint was executed on Defendant
25  on February 16, 2005.  Docket No. 3.[1]

26

27  _____

28         [1] On August 16, 2005, the Court issued an order to show cause,
    requiring Plaintiff to show cause why the matter should not be dismissed for
    Plaintiff's failure to prosecute his claims for a period of six months,

On September 19, 2005, Defendant responded to the complaint with a motion to dismiss the complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  Docket No. 6. In that pleading Defendant also requested attorneys' fees pursuant to 15 U.S.C. § 1681n(c).[2]  Plaintiff responded to the motion to dismiss by filing an amended complaint on October 3, 2005, see Docket No. 9, and by filing a response in opposition to Defendant's motion for attorneys' fees.  See Docket No. 10. As of October 26, 2005, Defendant had not filed a pleading objecting to the amended complaint or a reply to Plaintiff's response with regard to Defendant's motion for attorneys' fees.

## II. Analysis

An amended complaint supersedes a previous complaint rendering a motion to dismiss the original complaint moot.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1991); Bullen v. DeBretteville, 239 F.2d 824, 833 (9th Cir. 1956) ("It is hornbook law that an amended pleading supersedes the

---

which order to show cause was satisfied by Plaintiff on September 23, 2005. See Docket No. 5.

[2] This section of the Fair Credit Reporting statutes provides:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681n (c) (1998 & Supp. 2005).

original, the latter being treated thereafter as non-existent."); Tellier v. Fields, 280 F.3d 69, 76 (2d Cir. 2000); In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) ("[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect."); Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 2000); Campbell v. Towse, 99 F.3d 820, 825 (7th Cir. 1996); National City Mortg. Co. v. Navarro, 220 F.R.D. 102, 106 (D.D.C. 2004); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot the defendants' motions to dismiss on the basis that the amended complaint superseded the original complaint).

Defendant bears the burden of establishing that Plaintiff's complaint was filed in bad faith or for the purpose of harassment in the context of the motion for an award of attorneys' fees pursuant to 15 U.S.C. § 1681n. Cf., e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co., 175 F.3d 1221, 1246 (10th Cir. 1999); Perry v. Stewart Title Co., 756 F.2d 1197, 1211 (5th Cir. 1985); Houghton v. New Jersey Mfrs. Ins. Co., 615 F. Supp. 299, 309 (E.D. Pa. 1985), rev'd on other grounds, 795 F.2d 1144 (3d Cir. 1986). The Court's ultimate finding regarding bad faith is a legal decision subject to clear error review, however, the decision of whether to award attorneys' fees to Defendant is reviewed for an abuse of the Court's discretion. See Swanson v. Southern Or. Credit Serv., Inc., 869 F.2d 1222, 1229 (9th Cir. 1989); Horkey v. J.V.D.B. & Assoc., Inc., 333 F.3d 769, 774 (7th Cir.), cert. denied, 540 U.S. 985 (2003); Johnson v. Eaton, 80 F.3d 148, 153 (5th Cir.

-3-

1996).

Defendant has not established that the complaint was filed in bad faith or for the purposes of harassment.  Defendant has established only that Defendant and Plaintiff engaged in a dispute over Plaintiff's financial obligation to Defendant, and in a dispute regarding Defendant's statutory obligation to Plaintiff pursuant to the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.  Therefore, the Court declines to exercise its discretion to award attorneys' fees to Defendant with regard to the filing of Plaintiff's initial complaint.

**III Conclusion**

Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, must be denied as moot because Plaintiff has filed an amended complaint without objection from Defendant.  Additionally, Defendant has not established that the complaint was filed for the purpose of bad faith or harassment and, therefore, Defendant's motion for an award of attorneys' fees pursuant to 15 U.S.C. § 1681n(c) must be denied.

**THEREFORE, IT IS ORDERED THAT** Defendant's motion to dismiss is **denied as moot** and Defendant's motion for an award of attorneys' fees pursuant to 15 U.S.C. § 1681n(c) is **denied** per the Court's discretion.

DATED this 1st day of November, 2005.

_____
Mark E. Aspey
United States Magistrate Judge

-4-