WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID STIFF,<br><br>      Plaintiff,<br><br>      v.<br><br>WILSHIRE CREDIT CORPORATION,<br><br>      Defendant. | CIV 05-00462 PCT MEA<br><br>MEMORANDUM AND ORDER |

All of the parties have consented to the exercise of magistrate judge jurisdiction over this case, including the entry of final judgment. Before the Court is Defendant's motion [Docket No. 14] to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and for an award of attorneys' fees pursuant to Rule 11, Federal Rules of Civil Procedure and 15 U.S.C. § 1681n(c).

**I. Background**

On February 9, 2005, Plaintiff filed a complaint asserting causes of action pursuant to the Fair Credit Reporting Act and the Fair Debt Collections Practices Act. Docket No. 1. Service of a summons and the complaint was executed on Defendant on February 16, 2005. Docket No. 3. On September 19, 2005, Defendant responded to the complaint with a motion to dismiss

the complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Docket No. 6. In that pleading Defendant also requested attorneys' fees pursuant to 15 U.S.C. § 1681n(c).[1] Plaintiff responded to the motion to dismiss by filing an amended complaint on October 3, 2005, see Docket No. 9, and by filing a response in opposition to Defendant's motion for attorneys' fees. See Docket No. 10. On November 2, 2005, the Court denied the motion to dismiss the original complaint as moot and denied Defendant's motion for an award of attorneys' fees.

On October 25, 2005, Defendant filed their motion to dismiss Plaintiff's amended complaint. Defendant asserts that the amended complaint fails to state a claim on which relief may be granted pursuant to the FCRA or the FDCPA. See Docket No. 14. Defendant argues that, because Wilshire was legally entitled to collect the assigned debt, Plaintiff has failed to state a claim for relief pursuant to the FCRA and the FDCPA. On December 27, 2005, Plaintiff filed a response (Docket No. 25) to the motion to dismiss, and Defendant filed a reply (Docket No.

---

[1] This section of the Fair Credit Reporting Act provides:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681n (c) (1998 & Supp. 2005).

-2-

26) to Plaintiff's response on January 3, 2006.

**II. Analysis**

When considering a motion to dismiss brought pursuant to Rule 12(b)(6), all allegations of material fact in the complaint are taken as true and the Court must construe the facts in the light most favorable to the plaintiff. See, e.g., Enesco Corp. v. Price/Costco, Inc., 146 F.3d 1083, 1085 (9th Cir. 1998). A claim should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).

Plaintiff's amended complaint alleges that Defendant violated the Fair Credit Reporting Act, specifically 15 U.S.C. § 1681s-2(b), and the Fair Debt Collection Practices Act, specifically 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10) and 1692f(1).

Plaintiff alleges that a collection account purporting to represent a debt owed by Plaintiff was acquired by Defendant. Plaintiff alleges that Defendant reported to credit reporting agencies that Plaintiff had incurred a debt of $25,000, and reported that this debt was still outstanding.[2] Plaintiff

---

[2] Plaintiff took a second mortgage on his home. Plaintiff alleges he acquired mortgage insurance which to pay off the second mortgage on the occasion of his default on the mortgage. Plaintiff failed to make his mortgage payments, and the entity which held the first mortgage on Plaintiff's home foreclosed on the home. Plaintiff avers upon information and belief that the second mortgage lender, Defendant's predecessor in interest, was paid the remaining balance of the second mortgage, approximately $13,000, by the mortgage insurance company. The parties do not dispute that the second mortgage lender assigned its interest in the note to Defendant.

-3-

further alleges that, in 2002, after becoming aware that Defendant was reporting this debt to consumer reporting agencies, Plaintiff filed disputes with the consumer reporting agencies asserting that he did not owe the debt reported by Defendant.

The amended complaint alleges:

> Prior to December 2002, Plaintiff disputed the Wilshire ... tradelines reporting on his Equifax credit file...
> The December 2002 Equifax credit file reflected ... that Wilshire had verified to Equifax that its trade line was reported correctly....
> In June of 2003, Plaintiff received a copy of his credit file from Equifax as a result of a dispute.
> The June 2003 Equifax credit file did not show a trade line reported by Wilshire.
> In July 2003, Plaintiff received a copy of his credit file from Trans Union as a result of a dispute.
> The July 2003 Trans Union credit file reflected that Wilshire had verified the information reporting in its trade line.... reporting a balance of approximately $25,000.
> The May 2004 credit file reflected that Plaintiff had disputed the Wilshire trade line reported on his Experian credit report....
> The June 2004 Equifax credit file reflected a Wilshire trade line with a zero balance....
> In or about May 14, 2004 Plaintiff received a letter from Wilshire stating that the loan service of his account had been transferred to Rescomm Holdings effective January 16, 2004.  Upon information and belief, at that time Wilshire transferred and/or sold the account to Rescomm Holding, it failed to notify Rescomm that Plaintiff disputed the alleged debt.

Plaintiff alleges that Defendant violated the Fair Credit Reporting Act because "Wilshire failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise

-4-

failed to comport with FCRA 1681s-2(b)." Id. at para. 58.

Plaintiff's claim for relief pursuant to the Fair Debt Collections Practices Act alleges:

> Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
> Defendants violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. 1692e, 1692e(2)(A), 1692e(8) 1692e(10), and 1692f(1). (sic)

Id. at paras. 64-65.

Plaintiff alleges that, in addition to being a "furnisher" of information to credit reporting agencies as that term is defined by the FCRA, Defendant is a "debt collector" as that term is defined by the FDCPA at section 1692a(6). Plaintiff does not allege that Defendant ever sought to collect a debt from Plaintiff, nor does Plaintiff allege in the amended complaint that he ever contacted Defendant directly regarding the disputed debt.

**Plaintiff's claims pursuant to the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681s-2(b)**.

> The FCRA was the product of congressional concern over abuses in the credit reporting industry. [] The legislative history of the FCRA reveals that it was crafted to protect consumers from the transmission of inaccurate information about them, [], and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner. [] These consumer oriented objectives support a liberal construction of the FCRA. []

Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995).

-5-

The FCRA requires that, after a credit reporting agency receives notice of a dispute with regard to the accuracy of information furnished to the agency, the furnisher of the disputed information must conduct a reasonable investigation regarding the information furnished to the credit reporting agency and report the results of its investigation to the credit reporting agency.  If the investigation finds the information is incomplete or inaccurate, the furnisher must report that finding to all of the credit reporting agencies to whom the furnisher has provided the disputed information.  15 U.S.C. § 1681s-2(b) (1999 & Supp. 2005).

Plaintiff has alleged that he disputed the Wilshire account directly with the consumer reporting agencies as specified by the FCRA, and that the agencies sent notice of the dispute to Wilshire, and that Wilshire verified the information furnished to the agencies, but that Wilshire failed to conduct a "reasonable investigation" of Plaintiff's claims.[3]  Plaintiff's

---

[3] The Court notes that the question of whether Defendant did conduct the reasonable investigation required by the FCRA may be decided in a motion for summary judgment if there are no factual issues in dispute. Compare Guimond v. Trans Union, 45 F.3d 1329, 1333 (9th Cir. 1995) (stating that the issue of whether a credit reporting agency failed to follow "reasonable procedures" will be a "jury question[] in the overwhelming majority of cases."), with Schaffhausen v. Bank of America, N.A., 393 F. Supp. 2d 853, 857 (D. Minn. 2005) (concluding that, to survive summary judgment, the plaintiff must present evidence that he disputed information in the credit reports and that the defendant failed to reinvestigate the information, or failed to confirm, correct, modify or delete that information, i.e., the plaintiff "must offer specific facts that could allow a reasonable-fact-finder to determine that [the defendant's] procedures were not reasonable"), and Akalwadi v. Risk Mgmt. Alternatives, Inc., 336 F. Supp. 2d 492, 510 (D. Md. 2004), and Betts v. Equifax Credit Info. Servs., Inc., 245 F. Supp. 2d 1130, 1135 (D. Or. 2003).

complaint alleges that Defendant's investigation into the accuracy of the information provided to the credit reporting agencies was not "reasonable" as that term is defined by the FCRA. Therefore, Plaintiff has properly alleged a claim for relief pursuant to the FCRA. See Gorman v. Wolpoff & Abramson, LLP, 370 F. Supp. 2d 1005, 1012 (N.D. Cal. 2005); Alkan v. Citimortgage, Inc., 336 F. Supp. 2d 1061, 1063 (N.D. Cal. 2004). Although Defendant is not liable to Plaintiff if the undisputed facts reveal Defendant took the steps required of a furnisher of information by § 1681s-2(b), Plaintiff has appropriately pled facts which, if proved, would entitle Plaintiff to relief pursuant to the FCRA. See Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002).

**Plaintiff asserts that Defendant is liable for violation of the Fair Debt Collection Practices Act, specifically 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10) and 1692f(1).**

The Fair Debt Collection Practices Act provides a cause of action if a debt collector communicates to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed by the debtor. See 15 U.S.C. § 1692e(8) (1998 & Supp. 2005). This

---

Additionally, Plaintiff is only entitled to punitive damages if any of Defendant's alleged failure to comply with the FCRA was "willful," see 15 U.S.C. § 1681n, a matter which may properly be decided on summary judgment if Plaintiff fails to present sufficient admissable evidence of Defendant's willful non-compliance with the FCRA. See, e.g., Guimond, 45 F.3d at 963.

-7-

section provides, inter alia:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ***
> (2) The false representation of--
> (A) the character, amount, or legal status of any debt; or
> ***
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
> ***
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Plaintiff has alleged that the debt alleged to be owed by Defendant was not owed, and that any amount owed was less than that reported by Defendant and, therefore, that the character and legal status of the debt reported by Defendant was false. For purposes of deciding Defendant's motion to dismiss for failure to state a claim on which relief may be granted, the Court must accept as true Plaintiff's allegation that the debt had been satisfied or that his liability for the debt was otherwise precluded and, therefore, presume that Defendant was falsely representing the character, amount, or legal status of the debt. Plaintiff further alleges Defendant failed to communicate to Rescomm, a debt collector, that Plaintiff disputed that a legitimate debt was owed by Plaintiff to Defendant. Because Plaintiff has alleged that Defendant was a debt collector, and that Defendant misrepresented the amount of

-8-

the debt and the legal status of the debt, and that Defendant did not communicate to its assignee of the debt that Plaintiff disputed the debt, Plaintiff has sufficiently alleged a violation of section 1692e(8). See <u>Patzka v. Viterbo Coll.</u>, 917 F. Supp. 654, 658-59 (W.D. Wis. 1996)(noting, however, that "debt collectors may avoid liability if they prove by a preponderance of the evidence that any violation of this provision resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid such error. [] The term 'error' does not include mistakes of law."). The fact that Plaintiff does not allege that he notified Defendant in writing that he disputed the debt does not preclude Plaintiff's claim for violation of subsection 1692e(8). See <u>Brady v. Credit Recovery Co., Inc.</u>, 160 F.3d 64, 67 (1st Cir. 1998).

      The Court further concludes, however, that because Plaintiff does not allege that Defendant ever tried to collect the debt or that Defendant communicated to Plaintiff a misrepresentation of the debt or that Defendant attempted to obtain information about Plaintiff, Plaintiff has failed to state a claim for relief pursuant to subsection 1692e(10), prohibiting "[t]he use of any false representation or deceptive means *to collect or attempt to collect any debt or to obtain information concerning a consumer*." (emphasis added).

**Defendant's motion for an award of attorneys' fees**

Defendant bears the burden of establishing that Plaintiff's complaint was filed in bad faith or for the purpose of harassment in the context of the motion for an award of attorneys' fees pursuant to 15 U.S.C. § 1681n. Cf., e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co., 175 F.3d 1221, 1246 (10th Cir. 1999); Perry v. Stewart Title Co., 756 F.2d 1197, 1211 (5th Cir. 1985); Houghton v. New Jersey Mfrs. Ins. Co., 615 F. Supp. 299, 309 (E.D. Pa. 1985), rev'd on other grounds, 795 F.2d 1144 (3d Cir. 1986). The Court's ultimate finding regarding bad faith is a legal decision subject to clear error review, however, the decision of whether to award attorneys' fees to Defendant is reviewed for an abuse of the Court's discretion. See Swanson v. Southern Or. Credit Serv., Inc., 869 F.2d 1222, 1229 (9th Cir. 1989); Horkey v. J.V.D.B. & Assoc., Inc., 333 F.3d 769, 774 (7th Cir.), cert. denied, 540 U.S. 985 (2003); Johnson v. Eaton, 80 F.3d 148, 153 (5th Cir. 1996).

Defendant has not established that the complaint or the amended complaint were filed in bad faith or for the purposes of harassment. Defendant has established only that Defendant and Plaintiff engaged in a dispute over Plaintiff's financial obligation to Defendant, and in a dispute regarding Defendant's statutory obligation to Plaintiff pursuant to the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. Therefore, the Court declines to exercise its discretion to award attorneys' fees to Defendant with regard to the filing of

-10-

Plaintiff's initial complaint.

### III Conclusion

Plaintiff has stated facts which, if proved, would establish that Defendant violated specific provisions of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Although Defendant might be entitled judgment as a matter of law in their favor on some of Plaintiff's claims if Defendant can provide sufficient evidence that the debt reported by Defendant was legitimately owed in the amount reported, for the purposes of determining a motion to dismiss for failure to state a claim on which relief may be granted, the Court must accept the facts stated in the amended complaint as true and construe them in the light most favorable to Plaintiff.

**THEREFORE, IT IS ORDERED THAT** Defendant's motion to dismiss is **denied** and Defendant's motion for an award of attorneys' fees pursuant to 15 U.S.C. § 1681n(c) is **denied** .

DATED this 17th day of January, 2006.

_____
Mark E. Aspey
United States Magistrate Judge

-11-